# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 20, 2006        Decided January 19, 2007

No. 05-5343

ELIZABETH A. MILLER,
APPELLANT

v.

DEPARTMENT OF NAVY,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 04cv00685)

*Eugene R. Fidell* argued the cause for appellant. With him on the briefs was *Matthew S. Freedus*. *Charlotte E. Cluverius* entered an appearance.

*Edward Himmelfarb*, Attorney, U.S. Department of Justice, argued the cause for appellee. With him on the brief were *Peter D. Keisler*, Assistant Attorney General, *Kenneth L. Wainstein*, U.S. Attorney at the time the brief was filed, and *Marleigh D. Dover*, Attorney.

Before: GARLAND and BROWN, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* BROWN.

BROWN, *Circuit Judge*: Lieutenant Commander Elizabeth Miller ("Miller"), then an active duty officer in the Judge Advocate General Corps in the United States Navy, was repeatedly considered for promotion to Commander but not selected. After being passed over for the second time, Miller, alleging gender bias and other procedural irregularities, requested that the Navy convene a Special Selection Board ("SSB") to reconsider its decision. Under 10 U.S.C. § 628(b)(1), if the Secretary of the Navy determines, in the case of a person who was considered but not selected for promotion, that "there was material unfairness with respect to that person, the Secretary may convene a special selection board . . . to determine whether that person . . . should be recommended for promotion." The Secretary of the Navy ("Secretary") denied Miller's request—a decision the District Court upheld, granting the Navy's motion for summary judgment as to her discrimination claim. Because the Secretary relied on the wrong section of the relevant regulation in deciding not to convene a SSB, we reverse and remand to the District Court with instructions to remand to the Secretary for reconsideration.

I.

Miller claimed a particular member of her 2001 promotion selection board was "not impartial, was prejudiced in his selection decisions, and violated the board's precept and guidance." Specifically, Miller highlighted the member's alleged statement that Miller had been in a "difficult zone" because there "were a lot of very competitive women in the zone" that year, but that he thought she would have a better chance of being promoted the following year "because the women in that prospective zone were weaker." Based substantially on these allegations, Miller argued the board

member was biased against women and had imposed a cap on the number of women who could be promoted. Miller also asserted the board member ignored applicable precept guidance concerning the effect on promotion of consecutive tours in the same geographic area and violated his oath as a selection board member by divulging details concerning the selection board's proceedings.

In response to Miller's allegations, the Chief of Naval Personnel ordered an investigation by the Navy Bureau of Personnel Inspector General ("IG"). The investigation primarily consisted of interviews with Miller, the accused board member, and other individuals to whom Miller had disclosed certain details concerning her alleged conversation with the board member. The accused board member denied the substance of Miller's allegations, and the other interviews were unilluminating. The IG therefore analyzed the selection board statistics and the promotion board records (known as "tank records") to determine whether any actions taken by the board indicated a general gender bias.

Based on its investigation, the IG found "unsubstantiated" Miller's allegations that the board ignored precept guidance and that the board member had a gender bias that had influenced the outcome of the board's deliberations. Based on those findings, the IG recommended that the Secretary "disapprove LCDR Miller's request for a Special Selection Board based on the fact that there does not appear to have been any material error of fact or material administrative error that likely deprived LCDR Miller of a fair and impartial consideration" for promotion. Joint Appendix ("J.A.") 51.

Relying on the IG investigation and report, the Deputy Chief of Naval Operations ("CNO") likewise recommended disapproval of Miller's SSB request. In his memorandum to the

Secretary, the CNO identified the basis of Miller's request as her "allegations that a member of the board acted contrary to the precept and the Constitution's guarantee of equal protection under the law and committed material error, depriving her of fair and impartial consideration by the board." J.A. 52, ¶ 2. Referencing the IG's investigation, the CNO explained that the "'she said-he said' nature of the case made it impossible to find factually . . . anything . . . in violation of the precept or administrative guidance." *Id.* ¶ 3. The CNO further opined that "LCDR Miller was not selected due to her failure to perform at a consistently outstanding level and her failure to perform in arduous duty assignments rather than because of a board that ignored the precept guidance." *Id.* ¶ 4. Accordingly, the CNO concluded Miller had not provided sufficient evidence to support her claim under the applicable Navy regulation:

> SECNAVINST 1401.1B authorizes convening of a special selection board when [the Secretary] determines that an officer was not recommended for promotion by a promotion selection board . . . because the action of the promotion selection board involved material error of fact or material administrative error. It further defines a material error as any error of fact or administrative/procedural error that is more likely than not to have deprived the officer concerned of a fair and impartial consideration by the board. Based on the evidence cited in the . . . IG investigation report, I could not find proof of any material error of fact or any material administrative error committed by the members of the [2001] Active Duty Commander JAG Selection Board.

J.A. 52-53, ¶ 5.

Consistent with the recommendations of the IG and CNO, the Secretary denied Miller's request.

Miller filed suit in federal district court challenging the Secretary's decision. *See Miller v. Dep't of Navy*, 383 F. Supp. 2d 5 (D.D.C. 2005). On cross-motions for summary judgment, the district court reviewed the Secretary's decision under 10 U.S.C. § 628(g)(1)(A), which authorizes a federal court to review and set aside the Secretary's decision not to convene a special selection board if the court finds the decision arbitrary or capricious, not based on substantial evidence, a result of material error of fact or administrative error, or otherwise contrary to law. Emphasizing the "highly deferential" nature of its review of military promotion decisions, *Miller*, 383 F. Supp. 2d at 10 (citations omitted), the court granted summary judgment in favor of the Navy, determining that Miller "fail[ed] to establish that the Secretary of Navy's actions, in affirming the recommendation of [the] IG, were arbitrary or capricious, were not based on substantial evidence, were a result of material error of fact or material administrative error, or were otherwise contrary to law," *id.* at 12.

## II.

We review the Secretary's denial of Miller's SSB request under the same "arbitrary and capricious" standard applied by the district court. *See* 10 U.S.C. § 628(g)(1)(A). Moreover, we are obligated to apply this standard in an "unusually deferential" manner when reviewing personnel decisions made by the military. *Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000) (quoting *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989)). We review the district court's grant of summary judgment de novo. *Turner v. Dep't of Navy*, 325 F.3d 310, 313 (D.C. Cir. 2003).

## III.

Congress has authorized the Secretary to convene a SSB to

reconsider a decision not to promote a candidate where "material unfairness" tainted the original selection board's decision. 10 U.S.C. § 628(b). Section 628(b) defines "material unfairness" as action of the board that was "contrary to law or involved material error of fact or material administrative error," or a failure by the board to consider "material information." *Id.* § 628(b)(1)(A)-(B). The statute does not elaborate as to what standard of proof the Secretary should apply to "determine" when material unfairness has occurred.

The Secretary has, however, promulgated regulations establishing additional "principles" intended to guide the determination. SECNAVINST 1401.1B(8)(c) (Apr. 25, 1997).[1] The regulations explain that "contrary to law" means "[a]ny act of a promotion selection board that deprives the officer concerned of a constitutional or statutory right." *Id.* 1401.1B(8)(c)(2). The regulations define "material error" as "[a]ny error of fact or administrative/procedural error that is more likely than not to have deprived the officer concerned of a fair and impartial consideration by the board." *Id.* 1401.1B(8)(c)(3).

Plainly, the gravamen of Lieutenant Commander Miller's request for a SSB was her allegation that one of the board members acted "contrary to law"—that is, in violation of her constitutional right to equal protection. Indeed, the CNO memorandum correctly identified this as the basis of the IG's investigation. *See* J.A. 52, ¶ 2. Thus, the section of the regulation properly at issue is SECNAVINST 1401.1B(8)(c)(2), which defines "any act of a promotion selection board that

---

[1] SECNAVINST 1401.1B was recently replaced by SECNAVINST 1420.1B (Mar. 28, 2006). Although the relevant provisions are substantially unchanged, it is the old regulation that applies to this case.

deprives the officer concerned of a constitutional or statutory right" as "contrary to law." Yet neither the IG report nor the CNO memorandum purport to apply *that* section in making their recommendations; instead, both documents recount and explicitly rely on a standard taken from a different and wholly inapplicable section of the regulation, namely, SECNAVINST 1401.1B(8)(c)(3). *See* J.A. 41, 50; 52-53, ¶ 5. SECNAVINST 1401.1B(8)(c)(3) provides the standard for evaluating claims that the board committed a material error of fact or material administrative error—not the "contrary to law" claim made by Miller.

This error is significant because the regulation's "material error" standard contains a "more likely than not" standard of proof, which the CNO memorandum and IG report explicitly applied in reaching their conclusions. *See* J.A. 41, 50; 52-53, ¶ 5. In contrast, the regulation's "contrary to law" standard contains no explicit standard of proof. *See* SECNAVINST 1401.1B(8)(c)(2). While it may be proper for the Secretary to apply a preponderance standard in evaluating claims that a selection board acted "contrary to law," it should be as the result of a conscious (and articulated) decision by the Secretary, not as the result of relying on the wrong section of the regulation.

Because the Secretary relied on the wrong section of the regulation in applying the "more likely than not" standard, remand is necessary even under a "highly deferential" application of the arbitrary and capricious standard. Remand will permit the Secretary to issue a new decision based on the correct section of the relevant regulation and indicate the appropriate standard of proof for that section.[2] Accordingly, the

---

[2] Remand will also provide the Secretary an opportunity to reconsider the appropriate content of the administrative record, in light of the non-disclosure provision of the newly enacted 10 U.S.C. § 613a

district court's grant of summary judgment in favor of the Department of the Navy is reversed, and the case is remanded to the district court with instructions to remand to the Secretary of the Navy for reconsideration.

*So ordered.*

---

and its impact on the pre-existing "substantial evidence" judicial review provision of § 628(g). *See* John Warner National Defense Authorization Act for Fiscal Year 2007, Pub. L. No. 109-364, § 547, 120 Stat. 2083 (2006); *see also Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951) (instructing "that courts consider the whole record" in reviewing for substantial evidence); *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984).